UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,               :
                                        :
v.                                      :        **ORDER**
                                        :
                                        :        S1 17 CR 505-16 (VB)
CARLOS OCASIO,                          :
                    Defendant.          :
--------------------------------------------------------------x

     Defendant Carlos Ocasio moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he claims his underlying health conditions place him at risk of severe illness or death from COVID-19 if he were to contract the disease; FCI El Reno is failing to take appropriate steps to control the spread of the disease; he is not receiving the medical treatment he needs for his various health conditions; his conditions of confinement during the pandemic have been unduly harsh; and his sentence was disproportionately higher than the sentences imposed on his co-conspirators.  Ocasio also contends his criminal conduct was an outgrowth of his troubled and tragic upbringing, and that he has since made substantial efforts to rehabilitate himself while in prison.

     The government opposes the motion both procedurally and on the merits.[1]

     For the reasons set forth below, the motion is DENIED.[2]

     On February 22, 2019, pursuant to a plea agreement, Ocasio pleaded guilty to conspiracy to distribute and possess with intent to distribute more than one kilogram of heroin.  The relevant facts are as follows:  Ocasio was a member of a street gang in Poughkeepsie, New York, which, among other things, trafficked large quantities of narcotics and engaged in acts of violence.  Ocasio was one of the gang's leading drug dealers.  Over a period of years, while he was in his mid-30s, he purchased kilogram quantities of heroin in the southwestern United States and

---

[1] In deciding the instant motion, the Court has considered defendant's motion and memorandum of law (Doc. #456), the government's opposition and the exhibits attached thereto (Doc. #461), defendant's reply (Doc. #463), and the underlying record of this case.  Exhibits A and B to the government's opposition, which comprise defendant's Bureau of Prisons' medical records, will be filed under seal.

[2] The government argues the motion should be denied because defendant failed to exhaust his administrative remedies pursuant Section 3582(c)(1)(A)(i).  The government correctly points out that defendant's request to the warden at FCI El Reno, where he is incarcerated, failed to specify any extraordinary or compelling circumstances that would warrant consideration by the warden.  (Doc. #461-1).  The Court agrees defendant's request was barebones; however, it did reference Section 3582(c)(1) in seeking "compassionate release" and included a release plan, and the warden did decline the request.  In any event, the Court need not resolve the issue of whether defendant properly exhausted his administrative remedies, because, on the merits, defendant is clearly not entitled to a reduction of sentence.

arranged for its transportation to Poughkeepsie. He then provided resale quantities of heroin to other gang members for further distribution. By agreement with the government, Ocasio was held responsible for the distribution of between one and three kilograms of heroin. Ocasio also had thirteen prior convictions for, among other things, attempted murder, assault, weapons possession, and drug trafficking, and had served numerous prior jail sentences. Ocasio's Guidelines sentencing range was 120 to 150 months' imprisonment

On May 28, 2019, after taking into account the nature and circumstances of the offense, as well as the history and characteristics of the defendant, including his chaotic and dysfunctional upbringing and the strong support of his family, the Court sentenced Ocasio to the statutory mandatory minimum of 120 months' imprisonment, which was also the bottom of the Guidelines range. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

Ocasio has been detained since August 17, 2017, which means he has served approximately fifty-eight percent of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Ocasio principally argues he suffers from a number of health conditions (including diabetes, hypertension, anxiety, depression, panic attacks, and being a prior smoker) that put him at greater risk of complications from COVID-19 and for which he is receiving inadequate treatment. However, he is a 42-year-old man who has been fully vaccinated against COVID-19, including a booster shot, and he has already contracted and recovered from the disease more than once. As such, he faces little risk of severe illness or death if he contracts the disease again. Moreover, Ocasio's Bureau of Prisons ("BOP") medical records reflect that he is receiving adequate treatment for his various health problems, which includes regular examinations by health care providers and prescription medication. In short, Ocasio's health conditions and risk of complications from COVID-19 do not constitute extraordinary or compelling reasons warranting a reduction of sentence. See United States v. Gomez, 2023 WL 3504826, at *3 (E.D.N.Y. May 17, 2023) (collecting cases).

Moreover, FCI El Reno, where Ocasio is incarcerated, currently has no confirmed active cases of inmates or staff with COVID-19. Federal Bureau of Prisons, BOP COVID-19 Statistics, https://www.bop.gov/coronavirus/covid19_statistics (last visited May 30, 2023). Thus, Ocasio's claim that FCI El Reno is disregarding inmate safety and failing to take appropriate steps to control the spread of COVID-19 is unsubstantiated. In addition, all BOP inmates have access to booster vaccinations in accordance with guidance from the Centers for Disease Control and Prevention. Id.

Ocasio also says his conditions of confinement have been unduly harsh during the pandemic. While there is no question restrictions have been placed on prisoner movement,

visitation, recreation, program participation, and the like, these very restrictions are why the BOP has managed to keep its inmates reasonably safe. This is plainly not an extraordinary or compelling circumstance warranting a reduced sentence.[3]

Moreover, Ocasio's claim that his sentence was disproportionately higher than the sentences imposed on his co-conspirators is simply not true. First of all, in imposing sentence on Ocasio (and on all his co-defendants), the Court carefully considered the sentences imposed on the other defendants in the case, to ensure proportionate sentencing. Indeed, Ocasio played a much greater role in the drug trafficking operations of the gang than did the co-defendants to whom he refers in his motion—he was the primary supplier of the heroin that was then redistributed by other gang members—and was therefore held responsible for a significantly larger quantity of heroin. His Guidelines range and mandatory minimum reflected his higher level of culpability at the time of sentencing, and continues to do so. Moreover, other senior members of the gang received sentences that were the same or higher than Ocasio's sentence. There was no unwarranted sentencing disparity here.

Finally, in sentencing Ocasio, the Court explicitly took into account his troubled upbringing. The Court could have imposed a within-Guidelines sentence of up to 150 months' imprisonment but did not, in light of Ocasio's chaotic and dysfunctional upbringing and the strong support of his family. The circumstances of his upbringing certainly do not excuse his conduct or warrant a reduced sentence now.

In short, no extraordinary and compelling reasons warrant an early release in this case.

In any event, even if Ocasio had shown extraordinary or compelling reasons, early release would not be warranted. This is because the Section 3553(a) factors continue to weigh strongly against Ocasio's early release. Although the Court commends Ocasio on his efforts to rehabilitate himself and urges him to continue to do so, the profoundly serious nature of his offense and his lengthy and serious criminal history fully warranted the 120-month prison sentence at the time it was imposed, and continue to warrant such a lengthy sentence. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Ocasio from future criminal conduct, and, most significantly, protect the public, argues strongly against any reduction of sentence.

Accordingly, the motion for a reduction of sentence is DENIED.

---

[3] Ocasio contends that if the Court were imposing sentence today, with knowledge of the "woeful conditions discussed" in his motion, the Court would impose a lesser sentence. Ocasio is not correct. He was convicted of violating 21 U.S.C. §§ 846, 841(b)(1)(A), which carries a mandatory minimum sentence of 10 years (120 months) imprisonment. Thus, the Court would have no authority to impose a sentence less than the one it originally imposed.

Chambers will mail a copy of this Order to defendant at the following address:

Carlos Ocasio, Reg. No. 79450-054
FCI El Reno
Federal Correctional Institution
P.O. Box 1500
El Reno, OK  73036

Dated: May 30, 2023
White Plains, NY

SO ORDERED:

*(signature)*

Vincent L. Briccetti
United States District Judge